## NED CURRY v. THE STATE.

1. VERDICT found the defendant "*guily* as charged in the indictment," to which no objection was taken until assigned in the motion for a new trial. *Held*, that the verdict is sufficiently intelligible not to be misunderstood, and to preclude all reasonable doubt of its import. Note the distinction taken between this verdict and that in *Taylor* v. *The State*, 5 Texas Ct. App. 569.

2. SAME — PRACTICE. — Defendant filed a motion for a new trial, and assigned as one cause the insufficiency of the verdict by reason of the defect above indicated; and thereupon the State's counsel, in explanation of the mistake, filed the affidavit of the juror who wrote the verdict, and who accounts for the mistake as accidental, and because, when the verdict was written, it was so dark he could scarcely see to write. This proceeding is assigned as error. *Held*, that the explanation so given neither impairs the validity of the verdict nor otherwise warrants a disturbance of the conviction.

APPEAL from the District Court of Smith.   Tried below before the Hon. J. C. ROBERTSON.

The indictment and conviction were for assault with intent to murder Henderson Edwards, on November 10, 1878. The second head-note shows the explanation to which reference is made in the latter part of the opinion.

*T. W. Jones*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J.   The only ground relied on for a reversal of the judgment of the court below is the defectiveness and uncertainty of the verdict.   The verdict as read by the clerk on the coming in of the jury is as follows : " We, the jury, find the defendant guilty as charged in the indictment, and assess the penalty of five years' confine nent in the State penitentiary."   It seems, however, that the verdict was written by the jury on the back of the indictment, and copied into the minutes of the court; and as there found, instead of the word *guilty* as set out in the verdict as copied above, the word is not *guilty* but " guily ; " in other words, in writing the word *guilty* the *t* was omitted.   The material inquiry then is, is the verdict a; returned into court by the jury, as written on the back of the indictment and transcribed into the minutes of the court, reasonably intelligible ; is it certain as to what it speaks ?·

We are of opinion that the rule cited from *Lindsay* v. *The State*, 1 Texas Ct. App., in *Taylor* v. *The State*, 5 Texas Ct. App., on p. 521, applies and is decisive of the question.   The rule as there laid down is to this effect : Verdicts are to have a reasonable intendment, and to receive a reasonable construction, and are not to be avoided unless from necessity originating in doubt of their import, or immateriality of the issue found, or their manifest tendency to work

injustice.    This rule appears to be well founded.    See authority in Taylor's case, above cited.    In Taylor's case it was said that " when the sense is not clear, when there is doubt of the import of the language used, the verdict, especially in criminal cases, cannot be permitted to stand." The question there being considered was the word " guity " in the verdict, which was said to be of vital importance to the validity of a conviction, and that the verdict must find the defendant guilty.

We are of opinion, however, that Taylor's case and the one here under consideration are not so precisely similar that the one shall necessarily furnish a rule by which to determine the other.    In that case we find the solitary word " guity," which can hardly be said to have any known signification, whilst in the present case the word " guily" is followed by the words " as charged in the indictment ;" and by separating the syllables so as to place the first four letters in one syllable, and having the y alone for the second, and giving to the letter i the short sound, the sound so produced would be, if not identical, at any rate nearly so, with the ordinary pronunciation of the word if written " guilty." It does not appear that any notice was taken of the omission of the letter at the time the verdict was returned into court. The first mention made of the subject is in the motion for a new trial, where it is pointed out.

We are of opinion that the verdict is sufficiently intelligible not to be misunderstood, and that there can be no reasonable doubt as to its import, or as to the materiality of the issue, or what issue was found by it ; and further, that the explanation given as to how the letter t was omitted did not vitiate it, or call for a reversal of the judgment.

Taking this view of the subject, it is not necessary that we should consider the argument of counsel as to the sacredness and inviolability of records.    The judgment must be affirmed.

*Affirmed.*